IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NICOLE JEAN ROGERS,

        Plaintiff,                    No. 2:13-cv-1232 KJM KJN PS

    vs.

ATKINSON YOUTH SERVICES, et al.,

        Defendants.           ORDER

_____/

        Plaintiff Nicole Jean Rogers, proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) Plaintiff's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

        The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7   Cir. 1989); Franklin, 745 F.2d at 1227.

8   To avoid dismissal for failure to state a claim, a complaint must contain more than
9   "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a
10  cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
11  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
13  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
14  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
15  draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
16  S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
17  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
18  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
19  Rhodes, 416 U.S. 232, 236 (1974).

20  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,
21  520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it
22  is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in
23  forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v.
24  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

25  Here, plaintiff's handwritten complaint is confusing and attaches several exhibits
26  which are almost completely illegible.  Liberally construed, plaintiff alleges that while she was a

1  child, defendants Shirley Ward Rust and/or Matthew Rust physically and mentally assaulted her,
2  slandered her, stole from her, drove recklessly and dangerously, refused to convey telephone
3  messages to her from her family, had inappropriate conversations with her, and failed to provide
4  her with sanitary napkins for menstruation.  Although not clear from plaintiff's complaint, it
5  appears that plaintiff lived with these defendants in some type of fostering or guardianship
6  arrangement.  The complaint does not specify what role defendant Atkinson Youth Services
7  played in these events.  (See generally ECF No. 1.)

8         Based on these allegations, the court concludes that it lacks federal subject matter
9  jurisdiction over the action.  Even if a party does not question the court's subject matter
10 jurisdiction, the court is required to raise and address the issue sua sponte.  See FW/PBS, Inc. v.
11 City of Dallas, 493 U.S. 215, 230-31 (1990) ("The federal courts are under an independent
12 obligation to examine their own jurisdiction...."); see also United Investors Life Ins. Co. v.
13 Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004); Rains v. Criterion Sys., Inc., 80 F.3d
14 339, 342 (9th Cir. 1996).

15         A federal district court generally has original jurisdiction over a civil action when:
16 (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of
17 the United States" or (2) there is complete diversity of citizenship and the amount in controversy
18 exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

19         In regards to federal question jurisdiction, federal courts have "jurisdiction to
20 hear, originally or by removal from a state court, only those cases in which a well-pleaded
21 complaint establishes either that federal law creates the cause of action, or that the plaintiff's
22 right to relief necessarily depends on resolution of a substantial question of federal law."
23 Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also
24 Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  In this case,
25 plaintiff's complaint does not specify the specific claims that she intends to bring against
26 defendants, although the civil cover sheet describes her causes of action as slander, defamation,

3

and child abuse. (ECF No. 1-1.) These potential state law causes of action cannot invoke the court's federal question jurisdiction.

Additionally, because it appears that plaintiff and all defendants are residents of California, and plaintiff's complaint does not indicate that the amount in controversy exceeds $75,000, the complaint also does not invoke the court's diversity jurisdiction.

Therefore, in the absence of either federal question or diversity jurisdiction, this court lacks federal subject matter jurisdiction over the action. Accordingly, the court dismisses plaintiff's complaint, but with leave to amend. If plaintiff elects to file an amended complaint, the amended complaint shall clearly indicate the specific claim(s) that plaintiff intends to bring against each defendant, outline sufficient facts in support of such claim(s) and the involvement of each defendant, and specify the basis of the court's subject matter jurisdiction, all in accordance with the authorities outlined above.

Any amended complaint shall be filed within 28 days of this order and shall be captioned "First Amended Complaint." Plaintiff is informed that the court cannot refer to a prior complaint in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint, and once the amended complaint is filed, the original complaint no longer serves any function in the case.[2]

Nothing in this order requires plaintiff to file an amended complaint in this court. If plaintiff concludes that she only has potential state law claims against defendants, and that such claims should be pursued in state court, plaintiff may instead file a notice of voluntary

---

[2] If plaintiff elects to file a handwritten first amended complaint, plaintiff should use her best efforts to write legibly and not write in the margins of the pages. Additionally, if plaintiff chooses to attach any exhibits, plaintiff should ensure that the exhibits are relevant to the complaint and legible. If an important exhibit cannot be made legible, it may be best to provide a brief summary of the exhibit as part of the body of the complaint. Although the court uses its best endeavors to scrutinize pro se complaints, it cannot adequately evaluate plaintiff's allegations and claims if they are illegible.

dismissal of her claims without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure within 28 days of this order.  Plaintiff may then pursue such claims in state court.

However, plaintiff is cautioned that *failure to file either an amended complaint or a notice of voluntary dismissal within 28 days of this order may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint is DISMISSED with LEAVE TO AMEND.

3. Plaintiff shall file an amended complaint in accordance with this order within 28 days.  Alternatively, plaintiff may file a notice of voluntary dismissal of her claims without prejudice pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure within 28 days.

4. Failure to file either an amended complaint or a notice of voluntary dismissal within 28 days of this order may result in a recommendation that the action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: June 24, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE