1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NICOLE JEAN ROGERS,                    No.  2:13-CV-1232-KJM-KJN PS

12              Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   ATKINSON YOUTH SERVICES, et al.,

15

16              Defendants.

17
          Plaintiff Nicole Jean Rogers, proceeding without counsel, commenced this action on June
18
     20, 2013.  (ECF No. 1.)[1]  On June 25, 2013, the court granted plaintiff's request to proceed in
19
     forma pauperis, but dismissed her complaint with leave to amend, noting that a review of
20
     plaintiff's original complaint indicated that the court lacked federal subject matter jurisdiction
21
     over the action.  (ECF No. 3.)  Plaintiff was given 28 days to file an amended complaint, and was
22
     cautioned that failure to file an amended complaint by the required deadline may result in a
23
     recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).
24
     (Id.)  Although that deadline has now passed, the court's records show that plaintiff failed to file
25
     an amended complaint as ordered.
26

27   _____

28   [1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
     U.S.C. § 636(b)(1).

                                                1

1    Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action

2  for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to

3  comply with the court's local rules, or failure to comply with the court's orders.  See, e.g.,

4  Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte

5  to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest

6  Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant

7  to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply

8  with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260

9  (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss

10  an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639,

11  642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when

12  habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord.

13  See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any

14  order of the Court may be grounds for imposition by the Court of any and all sanctions authorized

15  by statute or Rule or within the inherent power of the Court.").

16    A court must weigh five factors in determining whether to dismiss a case for failure to

17  prosecute, failure to comply with a court order, or failure to comply with a district court's local

18  rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

19    (1) the public's interest in expeditious resolution of litigation; (2)
20    the court's need to manage its docket; (3) the risk of prejudice to
    the defendants; (4) the public policy favoring disposition of cases
21    on their merits; and (5) the availability of less drastic alternatives.

22  Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.

23  1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

24  conditions precedent before the judge can do anything, but a way for a district judge to think

25  about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

26  (9th Cir. 2006).

27    Here, the first two Ferdik factors strongly support dismissal.  Plaintiff has not responded

28  to the court's only order in this action; nor has she otherwise participated in this case since her

1  original filings.  Thus, it appears that the court is devoting scarce judicial resources to this

2  litigation despite plaintiff's apparent intent to abandon it.

3       The third Ferdik factor, prejudice to a defendant, also favors dismissal.  At the very least,

4  defendants have been named in a civil action and have had progress towards resolution of the

5  case delayed by plaintiff's failure to comply with the court's order.  The fifth Ferdik factor,

6  availability of less drastic alternatives, also favors dismissal, because plaintiff has already been

7  provided with notice and an opportunity to cure the deficiencies identified by filing an amended

8  complaint, which plaintiff did not do.  Despite being cautioned that failure to file an amended

9  complaint by the required deadline may lead to dismissal of her case, plaintiff made no efforts to

10  seek a further extension of time from the court.

11       The court also recognizes the importance of giving due weight to the fourth Ferdik factor,

12  which addresses the public policy favoring disposition of cases on the merits.  However, for the

13  reasons set forth above, factors one, two, three, and five support a recommendation of dismissal

14  of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where

15  at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

16  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks

17  omitted).  Under the circumstances of this case, the other relevant factors outweigh the general

18  public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  If

19  anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with

20  the court's order.

21       For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be

22  DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

23       These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

25  days after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

27  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

28  shall be served on all parties and filed with the court within fourteen (14) days after service of the

objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

      IT IS SO RECOMMENDED.

Dated:  August 5, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4