UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE JEAN ROGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>ATKINSON YOUTH SERVICES, et al.,<br><br>    Defendants. | No.  2:13-CV-1232-KJM-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS |

     Plaintiff Nicole Jean Rogers, proceeding without counsel, commenced this action on June 20, 2013.  (ECF No. 1.)[1]  On June 25, 2013, the court granted plaintiff's request to proceed in forma pauperis, but dismissed her complaint with leave to amend, noting that a review of plaintiff's original complaint indicated that the court lacked federal subject matter jurisdiction over the action.  (ECF No. 3.)  Plaintiff was given 28 days to file an amended complaint, and was cautioned that failure to file an amended complaint by the required deadline may result in a recommendation that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  (Id.)  Although that deadline has now passed, the court's records show that plaintiff failed to file an amended complaint as ordered.

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to comply with the court's orders. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors strongly support dismissal. Plaintiff has not responded to the court's only order in this action; nor has she otherwise participated in this case since her

1  original filings.  Thus, it appears that the court is devoting scarce judicial resources to this
2  litigation despite plaintiff's apparent intent to abandon it.
3       The third <u>Ferdik</u> factor, prejudice to a defendant, also favors dismissal.  At the very least,
4  defendants have been named in a civil action and have had progress towards resolution of the
5  case delayed by plaintiff's failure to comply with the court's order.  The fifth <u>Ferdik</u> factor,
6  availability of less drastic alternatives, also favors dismissal, because plaintiff has already been
7  provided with notice and an opportunity to cure the deficiencies identified by filing an amended
8  complaint, which plaintiff did not do.  Despite being cautioned that failure to file an amended
9  complaint by the required deadline may lead to dismissal of her case, plaintiff made no efforts to
10 seek a further extension of time from the court.
11      The court also recognizes the importance of giving due weight to the fourth <u>Ferdik</u> factor,
12 which addresses the public policy favoring disposition of cases on the merits.  However, for the
13 reasons set forth above, factors one, two, three, and five support a recommendation of dismissal
14 of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where
15 at least four factors support dismissal or where at least three factors 'strongly' support dismissal."
16 <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks
17 omitted).  Under the circumstances of this case, the other relevant factors outweigh the general
18 public policy favoring disposition of actions on their merits.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1263.  If
19 anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with
20 the court's order.
21      For the foregoing reasons, IT IS HEREBY RECOMMENDED that this action be
22 DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).
23      These findings and recommendations are submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)
25 days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties.  Such a document should be captioned
27 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
28 shall be served on all parties and filed with the court within fourteen (14) days after service of the

objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  August 5, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE